Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2022 03:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
22STCV28736
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Scheper

DANIEL AZIZI, ESQ., SBN 268995
daniel@downtownlalaw.com
LILIUOKALANI MARTIN, ESQ. SBN 292778
lili@downtownlalaw.com
ZEKIAH N. WRIGHT, ESQ. SBN 302170
zekiah@downtownlalaw.com
**DOWNTOWN LA LAW GROUP, LLP**
601 North Vermont Avenue
Los Angeles, California 90004
Tel: (213) 389-3765
Fax: (877) 389 - 2775

Attorney for Plaintiff,
RODOLFO ARTIGA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RODOLFO ARTIGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL A. FRYER YAVNEH ACADEMY, a California Nonprofit Public Benefit Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 22STCV28736<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>2. **FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7, 512);**<br><br>3. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>4. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5); AND**<br><br>5. **AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 621-634)**<br><br>6. **UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE §§17200, ET SEQ**<br><br>**DEMAND OVER $25,000** |

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, RODOLFO ARTIGA,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in LOS ANGELES County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within LOS ANGELES County, and because the work that is the subject of this action was performed by Plaintiff in LOS ANGELES County.

## THE PARTIES

2. Plaintiff, RODOLFO ARTIGA, is and at all times relevant hereto was a resident of the County of LOS ANGELES, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SAMUEL A. FRYER YAVNEH ACADEMY (hereinafter referred to as "SAFYA") was and is a California Nonprofit Public corporation doing business at 5353 W. 3rd Street Los Angeles, in the County of LOS ANGELES, State of California.

4. SAFYA are hereinafter collectively referred to as "Employer."

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private school.

6. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of an "employer" as defined by §11(b) of the Age Discrimination in Employment Act, as amended [29 U.S.C. §630(b)], and regularly employ twenty (20) or more persons and are therefore subject to the jurisdiction of this Court.

7. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to 29 U.S.C. §§ 621-634. Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12. Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under 29 U.S.C. §§ 621-634, et seq., THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") (29 U.S.C. §§ 621-634) with the Equal Employment Opportunity Commission ("EEOF") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

    a. Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

    b. Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

    c. Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d. Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e. The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15. Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

18. On or about October 1, 1993, Employers hired Plaintiff to work as a janitor. Plaintiff maintained the outside grounds and cleaned up. Plaintiff did not have any interactions with students nor any teaching, spiritual, or ministerial duties. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about September 1, 2021.

19. At the time of Plaintiff's termination, Plaintiff was 63 years old.

20. Between January 1, 2017, and September 1, 2021, Plaintiff's hourly wage rate was $26.26. During this time period, Plaintiff's fixed schedule was five days per week, Monday through Friday, for approximately 8 hours per day.

21. Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

22. Throughout Plaintiff's employment, Defendant's employees, including Rabbi Dea treated Plaintiff's younger colleague more favorably than Plaintiff.

23. Plaintiff's colleague, Jorge, believed to be about 45 years old, was a janitor. Jorge worked for Defendant less time than Plaintiff and thus had less experience.

24. Defendant offered Jorge overtime hours but did not offer the same to Plaintiff.

25. Defendant blamed, criticized, and critiqued Plaintiff whenever Jorge worked too slowly or did a job poorly. Even after Plaintiff advised Defendant that Jorge was to blame for errors and/or slow progress on assignments, Defendant failed to criticize or critique Jorge, who was almost 20 years Plaintiff's junior.

26. Plaintiff had to do more than his share of work because of Jorge and advised Defendant of the same; however, Defendant gave Jorge preferential assignments and more working hours, thereby blocking Plaintiff from receiving additional hours.

27. On or around September 1, 2021, Rabbi Aaron Einhardt wrongfully terminated Plaintiff but kept Jorge employed.

28. Based on Plaintiff's work performance, seniority, and loyalty to Defendant for nearly 30 years and Defendant's preferential treatment to younger employees, Defendant wrongfully terminated Plaintiff due to his age.

29. Defendants discriminated against Plaintiff when it denied employment benefits and privileges, denied work opportunities and assignments, and terminated Plaintiff.

30. Plaintiff's termination was substantially motivated by Plaintiff's age and/or engagement in protected activities.

31. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to Rabbi Dea and Rabbi Earnhardt and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

32. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

33. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

34. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

35. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

# FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 621-634)

## AGAINST ALL DEFENDANTS

36. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

37. At all times hereto, the ADEA was in full force and effect and was binding upon Defendants and each of them.

38. As such term is used under ADEA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under ADEA.

39. ADEA requires Defendants to refrain from discriminating against an employee on the basis of basis of age.

40. Plaintiff was a member of the protected class as a result of Plaintiff's age.

41. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

42. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

43. Plaintiff is informed and believes that Plaintiff's age were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

44. Said conduct violates the ADEA, and such violations were a proximate cause in Plaintiff's damage as stated below.

45. The damage allegations are herein incorporated by reference.

46. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

47. Pursuant to the AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 621-634) Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the ADEA.

## SECOND CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA AND/OR FEDERAL LAWS
## AGAINST ALL DEFENDANTS

48. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

49. At all relevant times mentioned in this complaint, the ADEA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age.

50. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age.

51. Plaintiff believes and thereon alleges that Plaintiff's age were factors in Defendants' conduct as alleged hereinabove.

52. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

53. The above said acts of Defendants constitute violations of the U.S. Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

54. The damage allegations are herein incorporated by reference.

55. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS
## LABOR CODE §§226.7, 512
## AGAINST ALL DEFENDANTS

56. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

57. Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

58. In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take two 10-minute rest periods on each day of work.

59. Defendants failed and refused to provide Plaintiff with rest periods, and failed to compensate Plaintiff for missed rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §110400 and Industrial Welfare Commission Order No. 4-2001, as follows:

    a. From approximately January 1, 2017 to September 1, 2021, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods.

    b. As alleged herein, Plaintiff is not exempt from the rest break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Consequently,

Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

60. Thus, Plaintiff is owed compensation, according to proof, for the missed rest breaks.

61. Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

62. Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
## LABOR CODE §§226 ET SEQ.
## AGAINST ALL DEFENDANTS

63. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

64. Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

65. In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

66. At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated. Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

67. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

68. This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages. For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

69. Plaintiff was paid on a bimonthly basis, and therefore Defendants violated Labor Code §226 multiple times during the one year preceding the filing of this complaint. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

70. In addition thereto, for Defendant's violations, Defendants are penalized $250.00 for the first violation, and the remainder of which Defendants are penalized $1,000.00 each, according to proof at trial.

71. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

### LABOR CODE §1198.5

### AGAINST ALL DEFENDANTS

72. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

73. Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

74. On or around January 5, 2022 Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

75. Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

76. As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

## SIXTH CAUSE OF ACTION

### FOR UNFAIR COMPETITION

### BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.

### AGAINST ALL DEFENDANTS

77. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

78. Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants'

failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

79. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

80. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For penalties pursuant to Labor Code §226.8(b)-(c), in the amount of no less than $25,000.00;

3. For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512;

4. For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

5. For statutory penalties or damages pursuant to Labor Code §226.3;

6. For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

7. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

8. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

9. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

10. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

11. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

12. For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

13. For costs of suit, attorneys' fees, and expert witness fees pursuant to the ADEA, Labor Code and/or any other basis;

14. For post-judgment interest; and

15. For any other relief that is just and proper.

DATED: September 1, 2022      DOWNTOWN LA LAW GROUP

By: _____
ZekiaH N. Wright, Esq.
Attorney for Plaintiff
RODOLFO ARTIGA

COMPLAINT FOR DAMAGES

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: September 1, 2022

DOWNTOWN LA LAW GROUP

By: _____
Zekiah N. Wright, Esq.
Attorney for Plaintiff
RODOLFO ARTIGA